Filed 11/14/22 P. v. Venegas CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARLOS ANTONIO VENEGAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B317662<br>(Super. Ct. No. BA441768)<br>(Los Angeles County) |

Carlos Antonio Venegas appeals from an order denying a recommendation by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall his 2016 sentence and resentence him pursuant to Penal Code section 1170, former subdivision (d)(1).[1] The People concede that the order "should be reversed and the matter should be remanded for a new hearing under section 1172.1" We accept the concession and reverse.

---

[1] All statutory references are to the Penal Code.

*Appellant's Sentence*

In January 2016 appellant pleaded guilty to second degree robbery. (§§ 211, 212.5, subd. (c).) He admitted one prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and two prior strikes within the meaning of California's "Three Strikes" law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) The court dismissed one of the strikes. It sentenced appellant to prison for three years for second degree robbery, doubled to six years because of the prior strike, plus five years for the prior serious felony conviction. Appellant's aggregate sentence was 11 years.

*CDCR Secretary's Recommendation Letter*

The CDCR Secretary's recommendation letter concerned the trial court's imposition of the five-year enhancement pursuant to section 667, subdivision (a)(1). The Secretary stated: "Courts were previously barred from striking prior serious felony convictions for purposes of enhancement . . . . However, effective January 1, 2019, courts are now authorized to exercise their discretion to strike prior serious felony convictions for purposes of enhancement . . . , or to strike the punishment for the enhancement . . . , pursuant to PC section 1385. [¶] In Iight of the court's newfound authority to not impose a consecutive enhancement pursuant to PC section 667, subdivision (a)(1) . . . , and after personally reviewing [appellant's] commitment offense and in-prison conduct, I recommend that [appellant's] sentence be recalled and that he be resentenced in accordance with PC section 1170, subdivision (d)(1)."

The Secretary's recommendation letter was filed in the superior court in September 2021. At that time section 1170, former subdivision (d)(1) provided that, after a defendant has

been sentenced to prison, "the court may . . . at any time upon the recommendation of the secretary [of CDCR] . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." "The CDCR recommendation furnishe[d] the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.'" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 (*McMurray*).)

*Trial Court's Refusal to Recall the Sentence*

In refusing to recall appellant's sentence, the trial court reasoned: "Given [appellant's] criminal history and the benefit that he did receive from the court's indicated [sentence agreeing to dismiss one of the two prior strikes] and the random nature of the assault and robbery in the underlying case, I do not find that it would be appropriate . . . to strike the 667(a) allegation or to reduce [appellant's] sentence in any other way."

*Amendment of Section 1170, Former Subdivision (d)(1)*
*and Addition of New Section 1172.1*

"Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assembly Bill 1540) came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03." (*McMurray*, *supra*, 76 Cal.App.5th at p. 1038.) Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 10.)

"Assembly Bill 1540 . . . clarifies the required procedures including that, when recalling and resentencing, the court

3

'shall . . . apply any changes in law that reduce sentences or provide for judicial discretion.' (§ 117[2.1], subd. (a)(2).) Where, as here, the CDCR recommends recall and resentencing, . . . there is now a presumption in favor of recall and resentencing of the defendant, 'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety [as defined in subdivision (c) of section 1170.18].' (§ 117[2.1], subd. (b)(2).)" (*McMurray*, *supra*, 76 Cal.App.5th at p. 1040.)

Section 1172.1, subdivision (a)(4) provides in part: "In recalling and resentencing pursuant to this provision, the court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."

*People's Concession*

Appellant maintains that pursuant to *In re Estrada* (1965) 63 Cal.2d 740, section 1172.1 applies retroactively to his case. The People do not mention *Estrada* in their brief. In conceding that the matter should be remanded for a new hearing under section 1172.1, the People reason: "[C]onsiderations of judicial efficiency counsel in favor of applying the section 1172.1 procedures in this case. For example, if this Court were to determine there was error requiring remand under former section 1170, subdivision (d)(1), or if the CDCR simply reinitiated its recall recommendation under the new law, then section 1172.1 would apply. Because it is likely that the CDCR's

4

recommendation will eventually be considered under section 1172.1, there is little point in declining to apply it now or litigating claims of error under former section 1170, subdivision (d)(1)."

The People note: "Of course, the recall-and-resentencing decision remains an equitable and discretionary one. The trial court will not be obligated to recall appellant's sentence even under the new statute, and it may consider evidence of appellant's dangerousness in weighing the public safety issue. It will, however, be required to apply the new presumption in favor of recall and hold a hearing where the parties may make a record. (§ 1172.1, subds. (a)(8), (b)(2).)"

<em>Conclusion</em>

"Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 117[2.1]." (*McMurray, supra*, 76 Cal.App.5th at p. 1041.) We express no opinion whether appellant's sentence should be recalled or, if it is recalled, whether he should be resentenced.

<em>Disposition</em>

The order denying the CDCR Secretary's recommendation to recall appellant's 2016 sentence and to resentence him is reversed. The matter is remanded to the trial court for reconsideration of the recommendation in light of new section 1172.1.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P.J.


BALTODANO, J.

Ray G. Jurado, Judge

Superior Court County of Los Angeles

_____

Law Office of Brad Poore and Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo, Acting Supervising Deputy Attorney General, William H. Shin, Deputy Attorney General, for Plaintiff and Respondent.